CARMEN FERRER, Plaintiff and Appellee, v. JOSÉ GUILLÉN, Defendant and Appellant.

No. 3984. Argued July 28, 1926.—Decided July 30, 1926.

*Antonio Sarmiento* for the appellant. *A. R. de Jesús* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

After judgment had been rendered in an action for divorce and while the appeal therefrom was still pending the wife filed in the lower court a sworn petition for an allowance of a certain amount to be paid by the father for the support of the children of the marriage under the custody of the petitioner. The husband opposed this petition, alleging that the court had no jurisdiction to grant an allowance for the children; but the court granted the allowance and fixed its amount. From this order of the lower court the present appeal was interposed and the appellee now moves for its dismissal on the ground that the said order is not appealable, according to section 170 of the Civil Code, because it is not included in any of the cases where appeals are allowed to this court by section 295 of the Code of Civil Procedure, and because the appeal is frivolous.

Although section 170 of the Civil Code, in the chapter defining the provisional measures to which a suit for divorce may give occasion, provides that decisions of the district court under that chapter are not appealable, such provision would not exclude the appeal in this case because the petition for an allowance for the support of the children, which has given rise to this appeal, is not included among the provisional measures referred to in the said chapter as unappealable; and the said order may be appealed under paragraph 3 of section 295 of the Code of Civil Procedure, because it is a special order made after final judgment.

The appellee bases her allegation of frivolousness on the ground that as her petition for an allowance was verified, all of the facts alleged therein were admitted by the appellant in not swearing to his opposition, and on the ground that the questions of law raised by the said opposition to the petition were decided by this court against the

appellant in denying the petition for a writ of certiorari presented by the now appellant.

In respect to the first point we will say that as the opposition to the petition for an allowance was based on questions of law, the jurisdiction of the court to consider said petition in this suit being denied therein, it was not necessary that said allegation should be made under oath and did not admit definitely the facts alleged in said petition; and in respect to the other point, it should be sufficient to say that it does not appear from these proceedings that this court had decided as between these parties the questions of law raised by the opposition to the said petition in denying the writ of certiorari petitioned for by the now appellant.

·The motion for dismissal should be denied.

Mr. Justice Hutchison took no part in the decision of this case.